UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CONMED CORPORATION and
SURGIQUEST, INC.,

                  Plaintiffs,

                                                          No. 6:16-CV-944

       -v-

LEXION MEDICAL, LLC,

                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

BOND, SCHOENECK & KING, PLLC        DAVID L. NOCILLY, ESQ.
Attorneys for Plaintiffs
One Lincoln Center
Syracuse, NY 13202

BAKER BOTTS L.L.P.                        DAVID G. WILLE, ESQ.
Attorneys for Defendant
2001 Ross Ave., Suite 600
Dallas, TX 75201

30 Rockefeller Plaza                           PAUL A. RAGUSA, ESQ.
New York, NY 10112

DAVID N. HURD
United States District Judge

# **MEMORANDUM-DECISION and ORDER**

## **I. INTRODUCTION**

Plaintiffs Conmed Corporation ("Conmed") and SurgiQuest, Inc. ("SurgiQuest") (collectively "plaintiffs") filed this patent infringement lawsuit against defendant Lexion Medical, LLC ("Lexion" or "defendant") alleging infringement of United States Patent No. 9,095,372 ("the '372 patent").

On September 5, 2018, following motion practice in this case and related proceedings before the United States Patent and Trademark Office ("USPTO"), plaintiffs voluntarily dismissed this action without prejudice. ECF No. 20.

Defendant has now moved for attorneys' fees under 35 U.S.C. § 285. Plaintiffs opposed and defendant replied. The parties dispute whether a reply was proper.[1] Because a reply was permitted, it will be considered and plaintiffs' pending request to strike will be denied. The motion for attorneys' fees was considered on the basis of the written submissions and without oral argument.

## II. **BACKGROUND**

On July 28, 2016, Conmed and SurgiQuest filed this action for infringement of the '372 patent. On the date the Complaint was filed, the '372 patent was presumed valid and enforceable. See 35 U.S.C. § 282.

On September 26, 2016, Lexion filed a motion to dismiss for failure to state a claim and lack of personal jurisdiction. Plaintiffs opposed and defendant replied.

---

[1] After defendant submitted its reply, plaintiffs filed a letter motion requesting that the reply be stricken as improper. Defendant responded contending a reply is proper under the Local Rules for the Northern District of New York. The parties also dispute to what extent defendant's reply contains new arguments and whether those arguments should be permitted.
  Local Rule 7.1(b)(1) provides that, for dispositive motions: "The moving party must file its reply papers, which may not exceed (10) pages with the Court . . . ." The parties disagree as to whether the motion for attorneys' fees is a dispositive motion. Although there seems to be some confusion among district courts, the Second Circuit has concluded that "[a]ttorneys' fee determinations are considered 'dispositive' for purposes of Rule 72 of the Federal Rules of Civil Procedure." Compare McConnell v. ABC-Amega, Inc., 338 F. App'x 24, 26 (2d Cir. 2009) (summary order),with LCS Grp. LLC v. Shire LLC, 383 F. Supp. 3d 274, 277 (S.D.N.Y. 2019), reconsideration denied sub nom. LCS Grp. LLC v. Shire LLC, No. 118CV02688, 2019 WL 2904133 (S.D.N.Y. July 5, 2019) ("Defendants' non-dispositive motion for attorneys' fees was referred to me on April 11, 2019.") and Ramgoolie v. Ramgoolie, No. 16-CV-3345, 2018 WL 5619959, at *1, 14 (S.D.N.Y. Aug. 3, 2018) (recommending, inter alia, denial of cross-motions for summary judgment but ordering attorneys' fees), report and recommendation adopted as modified, 2018 WL 4266015 (S.D.N.Y. Sept. 6, 2018). Accordingly, defendant was permitted a reply.

On December 21, 2016, while the motion to dismiss was under consideration, Lexion filed an administrative *inter partes* review ("IPR") proceeding before the USPTO challenging the validity of the '372 patent. The administrative IPR proceeding was formally opened on July 10, 2017. On June 29, 2018, the USPTO, Patent and Trial Appeal Board issued a final written decision under 35 U.S.C. § 318 holding that the claims of the '372 patent were invalid. On August 28, 2018, the sixty day deadline for Conmed and SurgiQuest to appeal the decision of the Patent and Trial Appeal Board to the United States Court of Appeals for the Federal Circuit expired.

On September 5, 2018, one week later, plaintiffs voluntarily dismissed this action without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i).

## III. **LEGAL STANDARD**

Under 35 U.S.C. § 285, in exceptional cases, a court may award reasonable attorney fees to the prevailing party in a patent infringement case. 35 U.S.C. § 285; see also Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 553 (2014). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 554.

## IV. **DISCUSSION**

"Under 35 U.S.C. § 285 and Rule 54(d), Fed. R. Civ. P., attorney fees and costs can be awarded to a prevailing party." Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1319 (Fed. Cir. 2004). To be the prevailing party in a patent case, "'one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties.'" Raniere v. Microsoft Corp., 887 F.3d 1298, 1304 (Fed. Cir. 2018) (quoting Inland Steel Co., 364 F.3d at

1320).  Relief on the merits requires at least "that the party obtain a court order materially changing the legal relationship of the parties."  Id. (internal quotations omitted).

Conmed and SurgiQuest argue Lexion is not a prevailing party under governing Supreme Court and Federal Circuit precedent and thus is precluded from seeking relief under 35 U.S.C. § 285.  "[A] plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)[A](i) does not bestow 'prevailing party' status upon the defendant."  RFR Indus. v. Century Steps, Inc., 477 F.3d 1348, 1353 (Fed. Cir. 2007).  In order for a defendant to be said to have "prevailed" as the result of a Rule 41 dismissal, the dismissal must have "sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.'"  Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1034 (Fed. Cir. 2006) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)).  A voluntary dismissal without prejudice is neither a change in the legal relationship of the parties nor judicially sanctioned such that the opposing party can be deemed a "prevailing party" under § 285.  RFR Indus., 477 F.3d at 1353.

Despite plaintiffs' Rule 41(a)(1)(A)(i) dismissal of this suit without prejudice, defendant claims prevailing party status under 35 U.S.C. § 285 because the USPTO decision invalidated the '372 patent.  That exact argument was recently addressed and rejected by a district court in this Circuit.  O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC, No. 3:12-CV-198, 2018 WL 4398249, at *4 (D. Conn. Sept. 14, 2018) ("[A] decision by the USPTO invalidating [the patent at issue] certainly altered the legal relationship of the parties, and prompted [plaintiff] to dismiss this lawsuit, but a Rule 41 dismissal without prejudice is not a decision on the merits.  [Defendant] therefore cannot rightfully be considered to be a prevailing party under Section 285.").

Finally, Lexion argues that even it is not deemed a "prevailing party" under 35 U.S.C. § 285, Conmed and SurgiQuest's bad faith pursuit of this litigation still supports an award of attorneys' fees under this Court's inherent power. While it is true that courts have an inherent power to award attorneys' fees even if the requirements of a fee shifting statute are not met, Octane Fitness, LLC, 572 U.S. at 557, the facts of this case do not call for the exercise of that authority.

Despite defendant's allegations of bad faith and retaliation, the record does not support a finding that plaintiffs "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. (quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258–59 (1975)). Instead, on the date the Complaint was filed, the '372 patent was presumed valid and enforceable. On June 29, 2018, the USPTO issued a final decision invalidating the '372 patent. Conmed and SurgiQuest had sixty days to appeal that decision. *One week* after that window expired on August 28, 2018, plaintiffs voluntarily dismissed this action.

Even putting aside Conmed and SurgiQuest's statutory sixty day window to appeal the USPTO's adverse decision, only sixty-eight days elapsed between the adverse decision and the voluntarily dismissal. The short amount of elapsed time coupled with the unpersuasive allegations of plaintiffs' ill-motives are insufficient to disregard the requirements of the relevant fee shifting statute.

As a result, Lexion's motion for attorneys' fees will be denied.

## V. **CONCLUSION**

Conmed and SurgiQuest voluntarily dismissed this patent infringement action without prejudice and Lexion is thus not a "prevailing party" within the meaning of 35 U.S.C. § 285. The USPTO's invalidation of the applicable patent claims during the pendency of this suit

does not automatically render a judicially sanctioned change in the legal relationship of the parties such that Lexion can overcome its lack of "prevailing party" status. Nor is this a case in which attorneys' fees should be awarded under the Court's inherent power. Finally, there is no need to consider whether this is an "exceptional" case warranting fees under § 285. Accordingly, defendant's motion for attorneys' fees will be denied.

Therefore, it is

ORDERED that

1. Plaintiffs Conmed Corporation and Surgiquest, Inc.'s motion to strike defendant Lexion Medical, LLC's reply is DENIED; and

2. Defendant Lexion Medical, LLC's motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 19, 2019
     Utica, New York.